MUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL E. MEGGINSON,

                Plaintiff,

-against-

ESH ADW MORALES, et al.,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/9/2022

1:22-CV-3815 (MKV)

ORDER OF SERVICE

MARY KAY VYSKOCIL, United States District Judge:

        The Court directs the Clerk of Court to notify the New York City Department of Correction ("DOC") and the New York City Law Department of this order. The Court requests that the following defendants waive service of summons: (1) Enhanced Supervision Housing ("ESH") Assistant Deputy Warden ("ADW") Morales; (2) ESH ADW Green; (3) ESH Security Team Officer Kanol (or Kannol); (4) ESH Secretary Hammon; (5) ESH Hearing Officer Cummberbach; (6) ESH Correction Captain Ingram; (7) ESH Correction Captain Phillips; (8) Correction Chief Lemmon; (9) ADW (or Correction Chief) Glover; and (10) the City of New York.

        Plaintiff alleges that the remaining defendant, Evan Beiterman, is "Director of [the New York State Office of Mental Health ("NYSOMH")] for Rikers." It is thus unclear whether Beiterman is an employee of DOC or NYSOMH and, therefore, whether the Court may request Beiterman to waive service of summons or direct service on him. Under *Valentin v. Dinkins*, a *pro se* litigant, like Plaintiff, is entitled to assistance from the district court in identifying a defendant and that defendant's service address. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit NYSOMH or DOC to verify Beiterman's employer and, if necessary, provide the address where Beiterman may be served. It is therefore

ordered that the New York State Attorney General or the Corporation Counsel of the City of New York, who are the attorneys for and agents of NYSOMH and DOC, respectively, must ascertain whether NYSOMH or DOC is Beiterman's employer and, if necessary, the address where Beiterman may be served.[1] The Corporation Counsel or the Attorney General must provide this information to Plaintiff and the Court within 60 days of the date of this order. Once the Court is notified, if necessary, the Court will issue an order either requesting that Beiterman waive service of summons or directing service on him.

The Court also directs the Clerk of Court to mail copies of this order and copies of the complaint to: (1) the New York State Attorney General, 28 Liberty Street, 15th Floor, New York, New York 10005; and (2) Corporation Counsel of the City of New York, 100 Church Street, New York, New York 10007.

SO ORDERED.

Dated:  June 9, 2022
        New York, New York

                                                    _____
                                                    MARY KAY VYSKOCIL
                                                    United States District Judge

---

[1] If Beiterman is a current or former DOC employee or official, the Corporation Counsel should note in its response to this order that an electronic request for waiver of service can be made under the e-service agreement for actions involving DOC defendants, rather than by personal service at a DOC facility. If Beiterman is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Corporation Counsel or the Attorney General must provide a non-Rikers Island address where Beiterman may be served.